IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JOE NATHAN JAMES, Z-610, | : |
|     Plaintiff, | : |
| vs. | :    CIVIL ACTION 21-0437-CG-MU |
| TERRY RAYBON, *et al.*, | : |
|     Defendants. | : |

## REPORT AND RECOMMENDATION

Plaintiff, an Alabama death-row inmate proceeding *pro se* and *in forma pauperis*, filed a complaint under 42 U.S.C. § 1983 against Warden Terry Raybon and Commissioner Jefferson S. Dunn.  This action has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(R).  Upon consideration of Plaintiff's class action request, it is recommended that his request be denied and the Motion to Amend Complaint be denied.

### I. Complaint and Class Action Request.  (Doc. 1).

On the face of the complaint, Plaintiff identified this § 1983 action as a class action.  (Doc. 1 at 1, PageID.1).  He complains that death-row inmates were moved in April 2021 from cells where they lived for twenty-five years to other cells that do not have electrical outlets for their televisions, fans, and breathing machines and where the lights illuminate the cells twenty-four hours a day.  (*Id.* at 4, PageID.4).  As a result, battery-operated breathing machines were substituted, but they have quit working while the wearer was sleeping.  (*Id.*).  And the 13-inch televisions with remotes that had been

purchased with the expectation that they would be able to watch them in their solitary cells are now idle. (*Id.*). Consequently, Defendants have caused their forced solitary confinement to resemble torture as the conditions have created a mental and a health hazard. (*Id.*). Thus, they have been deprived of a liberty interest. (*Id.* at 5, PageID.5). For relief, Plaintiff seeks an order requiring Defendants to provide electrical outlets for televisions, fans, and breathing machines inside the cells. (*Id.* at 7, PageID.7).

After filing the complaint, Plaintiff filed a Motion to Amend Complaint (Doc. 6 at 1, PageID.23), wherein he simply provides the names of two death-row inmates, Corey Smith and Taurus Carroll, who would like to be added so this can be a class action.

### B. Discussion.

The complaint's brief allegations convey that Plaintiff is proceeding *pro se*. In them, Plaintiff did not advise that he has any legal training or that he is an attorney. Rule 23 of the Federal Rules of Civil Procedure governing class actions includes as a requirement that the "representative parties will fairly and adequately protect the interests of the class." FED.R.CIV.P. 23(a)(4). Courts have held that it is error to allow a *pro se* litigant who is unassisted by counsel to represent fellow inmates in a class action. *Johnson v. Brown*, 581 F. App'x 777, 791 (11th Cir. 2014); *Bass v. Benton,* 408 F. Appx 298, 299 (11th Cir. 2011); *Frederick v. Wakulla Corr. Inst. Admin. & Staff Workers,* 2020 WL 2949835, at *2 (N.D. Fla. 2020) (unpublished); *Lett v. Ivey,* 2019 WL 7501339, at *1 (M.D. Ala. 2019) (unpublished). "[T]he competence of a layman representing himself [is] clearly too limited to allow him to risk the rights of others." *Oxendine v. Williams,* 509 F.2d 1405, 1407 (4th Cir. 1975). Although 28 U.S.C. § 1654 permits a party to represent himself, this "personal right . . . does not extend to the

representation of the interests of others." *Timson v. Sampson*, 518 F.3d 870, 873 (11th Cir.), *cert. denied*, 555 U.S. 840 (2008); *see Massimo v. Henderson*, 468 F.2d 1209, 1210 (5th Cir. 1972) (finding that an inmate could not bring an action for release of his fellow inmates from solitary confinement).

### C.  Conclusion.

Accordingly, it is recommended that the request for class action be denied.  As a consequence, it follows that the Motion to Amend Complaint (Doc. 6 at 1, PageID.23) is due to be denied.

The Court observes that the inmates identified in the Motion to Amend Complaint cannot proceed in this action absent a class action.  *Hubbard v. Haley*, 262 F.3d 1194, 1198 (11th Cir.) (affirming the dismissal of the multi-inmate action as the PLRA requires the filing fee be paid by each inmate and does not allow fee-sharing by multiple inmates), *cert. denied*, 534 U.S. 1136 (2002).  However, injunctive relief, if awarded, may benefit similarly situated individuals.  *See Lee*, 2019 WL 7501339, at *1.

### NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court.  *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. Ala. Gen.LR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order

based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

    **DONE and ORDERED** this 28th day of January, 2022.

                                          **s/ P. BRADLEY MURRAY**
                                          **UNITED STATES MAGISTRATE JUDGE**