# IN THE UNITED STATES DISTRICT COURT FOR THE
# SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| JOE NATHAN JAMES, AIS Z610, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) CA 21-0437-CG-MU |
| TERRY RAYBON, *et al.*, | ) ) ) |
| Defendants. | ) |

## ORDER CONVERTING ANSWERS AND SPECIAL REPORTS TO MOTION FOR SUMMARY JUDGMENT AND TAKING THE MOTION FOR SUMMARY JUDGMENT UNDER SUBMISSION

The Court has reviewed the Answer (Doc. 14) and Special Report (Doc. 15) filed by Defendants Terry Raybon and John Hamm[1] on April 1, 2022, and the Answer and Special Report (Doc. 24) filed by Defendants Terry Raybon, Jefferson Dunn, and John Hamm on May 4, 2022, and determined that they should be treated as a motion for summary judgment. It is therefore **ORDERED** that these pleadings be treated as a motion for summary judgment and as such are exempted from the requirements of Local Civil Rules 7 and 56. *See* S.D. Ala. CivLR 7 & 56. This exemption applies to this case alone. Accordingly, these pleadings which are now to be treated as a motion for summary judgment are **ORDERED** to be submitted on the motion, the pleadings, and any documents or other evidence the party seeking summary judgment has already filed or which **any party opposing the motion** may wish to file on or before **June 13, 2022**.[2] The motion for summary judgment will be taken under submission on **June 14, 2022**. Since Plaintiff is appearing *pro se*, he is advised out of a height of caution that the granting of this motion would represent a final adjudication of this action, which may foreclose subsequent litigation on this matter. *See Somerville v. Hall*, 2 F.3d 1563, 1564 (11th Cir. 1993); *Brown v. Shinbaum*, 828 F.2d 707 (11th Cir. 1987); *Griffith v. Wainwright*, 772 F.2d 822 (11th Cir. 1985).

---

[1] As to Plaintiff's claim seeking injunctive relief, which has been construed as a claim against Defendants in their official capacities, current Alabama Department of Corrections (ADOC) Commissioner John Hamm has been substituted for former ADOC Commissioner Jefferson Dunn. *See* Fed. R. Civ. P. 25(d).

[2] This motion for summary judgment is being submitted without oral argument. Should the Court determine that oral argument is necessary, a hearing date will be scheduled later.

**EXPLANATION OF RULE 56 OF THE FEDERAL RULES OF CIVIL PROCEDURE:** The summary judgment procedure established in Rule 56 provides a means of promptly disposing of cases without a trial where there is no genuine issue as to any material fact or where only a question of law is involved. (There is attached for your convenience a copy of Rule 56.) Summary judgment goes to the merits of a claim, and, if granted, will be a final decision on any claim to which it was applicable. On the other hand, a denial of a motion for summary judgment is not a decision on the merits but is simply a finding that there is an issue that can be decided only after a trial. Of course, a motion for summary judgment that is denied may be renewed later if justified by the facts of the case.

Either party may file his motion with, or without, supporting affidavits (written statements of facts sworn to and subscribed before a notary public) or declarations (written statements of fact signed under penalty of perjury under 28 U.S.C. § 1746). *See* Fed. R. Civ. P. 56(c), Advisory Committee Note, 2010 Amendments. A party against whom a motion for summary judgment is filed (or against whom the court has converted another pleading into a motion for summary judgment) is entitled to notice and a reasonable time to respond before a hearing on the motion for summary judgment. *See* Fed. R. Civ. P. 56(b),(c), and (f), Advisory Committee Note, 2010 Amendments. Note that many times the court will not conduct a formal hearing on the motion but will simply take the matter under advisement based upon the motion and the opponent's response. In any event, the party against whom the motion is pending is entitled to notice and a reasonable time to respond. Within the period set by the court, the party against whom the motion is pending may serve opposing affidavits or declarations. Affidavits or declarations either in support of or in opposition to a motion for summary judgment must meet the following conditions:

(1) They must show that the person making the affidavit or declaration has personal knowledge of the matters about which the person swears.

(2) They must set forth *facts* that would be *admissible in evidence*.

(3) They must affirmatively show that the person making the affidavit or declaration is competent to testify about the matters contained in the affidavit.

(4) A certified or sworn copy of any papers or documents referred to in an affidavit or declaration must be attached to it.

With permission of the court, affidavits or declarations may be supplemented, or opposed, by depositions, answers to interrogatories, or additional affidavits or declarations. It is important to note that, except in certain circumstances, a person against whom a motion for summary judgment is filed may not rely on the allegations of his pleadings. In other words, a plaintiff against whom a motion for summary judgment is filed must oppose that motion by affidavits or declarations, depositions, answers to interrogatories, admissions, or as otherwise provided in the rules. If a party against

whom a motion for summary judgment is filed fails to respond, the materials filed by the moving party may be taken as true.

If a party against whom a motion for summary judgment is pending is unable to secure affidavits or declarations to oppose the motion, that party may file a motion fully explaining why such affidavits or declarations are unavailable and may request the court to consider this difficulty in disposing of the motion. If the court should find that any affidavit or declaration, either in support of or in opposition to, a motion for summary judgment was made in bad faith, the court shall order the party using a bad faith affidavit or declaration to pay to the other party reasonable expenses, including attorney fees, incurred because of the bad faith affidavit or declaration. In addition, the party using a bad faith affidavit or declaration may be adjudged guilty of contempt or subject to other appropriate sanctions.

When the court has received the motion for summary judgment with its supporting documents and the response to the motion with its supporting documents, or *when the time for filing such response* has expired, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

To ensure that this Court has all essential information needed for consideration of the summary judgment motion, the following is **ORDERED:**

 (1) Plaintiff is **ORDERED** by **June 13, 2022**, to inform this Court in writing of any pending requests or motions which Plaintiff has *previously* filed with this Court and which have not been resolved by the parties or ruled upon by the Court. Failure to identify pending requests or motions will be considered by the Court as an abandonment of these requests or motions and as such will be denied.

(2) Any party desiring to submit information or evidence in support of or in opposition to the motion for summary judgment must file such information or evidence with this Court on or before **June 13, 2022**. The Court will not consider this information or evidence unless it complies with Rule 56 as set forth above.

(3) Plaintiff is **ORDERED** by **June 13, 2022,** to inform this Court in writing if he wants to dismiss a Defendant or Defendants from this action after reviewing the information provided by Defendants.

**DONE** and **ORDERED** this **16th** day of **May, 2022**.

　　　　　　　　　　　　　　**/s/ P. BRADLEY MURRAY**
　　　　　　　　　　　　　　**UNITED STATES MAGISTRATE JUDGE**

**Federal Rules of Civil Procedure Rule 56**

**Rule 56. Summary Judgment**

**(a) Motion for Summary Judgment or Partial Summary Judgment.** A party may move for summary judgment, identifying each claim or defense--or the part of each claim or defense--on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion.

**(b) Time to File a Motion.** Unless a different time is set by local rule or the court orders otherwise, a party may file a motion for summary judgment at any time until 30 days after the close of all discovery.

**(c) Procedures.**

   **(1) Supporting Factual Positions.** A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:

      **(A)** citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or

      **(B)** showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

   **(2) Objection That a Fact Is Not Supported by Admissible Evidence.** A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence.

   **(3) Materials Not Cited.** The court need consider only the cited materials, but it may consider other materials in the record.

   **(4) Affidavits or Declarations.** An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.

**(d) When Facts Are Unavailable to the Nonmovant.** If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:

  **(1)** defer considering the motion or deny it;

  **(2)** allow time to obtain affidavits or declarations or to take discovery; or

  **(3)** issue any other appropriate order.

**(e) Failing to Properly Support or Address a Fact.** If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may:

  **(1)** give an opportunity to properly support or address the fact;

  **(2)** consider the fact undisputed for purposes of the motion;

  **(3)** grant summary judgment if the motion and supporting materials--including the facts considered undisputed--show that the movant is entitled to it; or

  **(4)** issue any other appropriate order.

**(f) Judgment Independent of the Motion.** After giving notice and a reasonable time to respond, the court may:

  **(1)** grant summary judgment for a nonmovant;

  **(2)** grant the motion on grounds not raised by a party; or

  **(3)** consider summary judgment on its own after identifying for the parties material facts that may not be genuinely in dispute.

**(g) Failing to Grant All the Requested Relief.** If the court does not grant all the relief requested by the motion, it may enter an order stating any material fact--including an item of damages or other relief--that is not genuinely in dispute and treating the fact as established in the case.

**(h) Affidavit or Declaration Submitted in Bad Faith.** If satisfied that an affidavit or declaration under this rule is submitted in bad faith or solely for delay, the court--after notice and a reasonable time to respond--may order the submitting party to pay the other party the reasonable expenses, including attorney's fees, it incurred as a result. An offending party or attorney may also be held in contempt or subjected to other appropriate sanctions.

Effective December 1, 2010.