# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| JOE NATHAN JAMES, AIS Z610, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) CA 21-0437-CG-MU |
| TERRY RAYBON, *et al.*, | ) ) ) |
| Defendants. | ) |

## **REPORT AND RECOMMENDATION**

This action is before the Court on Plaintiff Joe Nathan James's *pro se* § 1983 complaint that was filed on October 6, 2021 and amended on April 20, 2022. (Docs. 1 and 23). The complaint was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and General Local Rule 72(a)(2)(R) for appropriate action.

Plaintiff, who was on death row at Holman Correctional Facility in Atmore, Alabama at the time he filed and amended his complaint, alleged that Defendants Terry Raybon, the Warden at Holman, and Jefferson Dunn, the Commissioner of the Alabama Department of Corrections (at that time) violated his constitutional rights when they moved the death row inmates to cells without electrical outlets. (Doc. 1 at pp. 4-5). Prior to the move, the cells housing the death row inmates had electrical outlets and the inmates were allowed to purchase small televisions and keep them in their cells. (*Id.* at p. 4). Plaintiff alleged that he purchased and possessed a television for over 25 years with the expectation of being able to watch it in his solitary confinement cell. (*Id.*). Plaintiff asserted that the act of moving him to a cell without an electrical outlet and forcing him to dispose of his television was malicious, infringed upon his state-created

liberty interest, and imposed upon him an undue hardship which caused his forced solitary confinement to equate to torture. (*Id.*). In his initial complaint, he sought only injunctive relief; however, he amended his complaint to include a claim for punitive damages. (Doc. 23). In his amended complaint, Plaintiff alleged that Defendants were callously indifferent to his due process rights and intentionally malicious in their actions. (*Id.* at pp. 1-2).

On July 28, 2022, Plaintiff was executed by the State of Alabama and pronounced dead at 9:27 p.m. (Doc. 27). Defendants filed a Suggestion of Death on the record on August 5, 2022. (*Id.*). Although Defendants stated in their Certificate of Service that they had mailed the Suggestion of Death, via Certified United States mail, to Plaintiff's next of kin, Defendants did not file the "green card" evidencing proof of actual service on the next of kin. Accordingly, on August 16, 2022, the Court ordered Defendants to file the appropriately signed green card thereby demonstrating receipt of the notice of death by the next of kin**.** (Doc. 28). The Order also advised Plaintiff's next of kin that she would then have ninety (90) days from the date of service of the notice of death to file a motion to substitute Plaintiff's successor or the representative of his estate to continue the prosecution of Plaintiff's claim. *Id.* at pp. 3-4; *see* Fed. R. Civ. P. 25(a)(1). On August 25, 2022, Defendants filed proof that Plaintiff's next of kin, Yosandra James Cook received a copy of the Suggestion of Death on August 19, 2022. (Docs. 29-1; 29-2).

Rule 25(a) of the Federal Rules of Civil Procedure provides that, if a party dies and the claim is not extinguished, the Court, upon motion by any party or by the decedent's successor or representative, may order substitution of the proper party. Rule

25(a) further states that "[i]f the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed." Fed. R. Civ. P. 25(a). More than 90 days have passed since Defendants served Plaintiff's next of kin with the Suggestion of Death and the Court notified his next of kin of the pendency of this action. Because his next of kin has not filed a motion to substitute during this 90-day period, this action is due to be dismissed.

Based on the foregoing, the undersigned Magistrate Judge **RECOMMENDS** that this action be **DISMISSED**. The Clerk of Court is **DIRECTED** to mail a copy of this Order to the person who has been identified by Defendants as Plaintiff's next of kin, Ms. Yosandra Cook, 227 Lee Drive, Sylacauga, Alabama 35150.

### **NOTICE OF RIGHT TO FILE OBJECTIONS**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. Gen. LR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. To be specific, an objection must

identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **15th** day of **December, 2022**.

/s/ P. Bradley Murray
**UNITED STATES MAGISTRATE JUDGE**